**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant*. | Case No. 18-cv-355 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the records that American Oversight seeks.

**STATEMENT OF FACTS**

7. On July 18, 2017, American Oversight submitted a FOIA request to DOJ seeking the following records:

> 1. All communications between Principal Deputy Associate Attorney General Jesse Panuccio and any party or counsel for any party (other than the federal government, establishments of the federal government, or current officers or employees of the federal government) in any of the cases identified in Attachment A (including counsel for parties in the district court or on appeal). In cases where the United States was not a party, please include any communications between Mr. Panuccio and any party or counsel for any party with whom the United States had not entered into a common interest agreement at the time of the communication.

> 2. All communications between Mr. Panuccio and any amicus or counsel for any amicus in litigation identified in Attachment A.
>
> 3. All calendars or calendar entries for Principal Deputy Associate Attorney General Jesse Panuccio, including any calendars maintained on his behalf (e.g., by an administrative assistant), reflecting any meeting or telephone call with any party, amicus, or counsel for any party or amicus in litigation identified in Attachment A. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the review and processing of any responsive entries from any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how Mr. Panuccio allocates his time on agency business.
>
> 4. Any joint defense or common interest agreements entered into between the United States and any party or any amicus in connection with litigation identified in Attachment A.

American Oversight sought all responsive records from January 20, 2017, through the date of the search. Attachment A of the FOIA listed twenty-two litigations in which the federal government was a named or interested party. A copy of the FOIA request is attached hereto as Exhibit A and incorporated herein.

8. DOJ assigned the FOIA request tracking number DOJ-2017-005437.

*Exhaustion of Administrative Remedies*

9. As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding the request, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

10. Through DOJ's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

11. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

12. American Oversight properly requested records within the possession, custody, and control of DOJ.

13. DOJ is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

14. DOJ has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA request.

15. DOJ's failure to conduct an adequate search for responsive records violates FOIA.

16. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

17. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. American Oversight properly requested records within the possession, custody, and control of DOJ.

19. DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

20. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

21. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

22. DOJ's failure to provide all non-exempt responsive records violates FOIA.

23. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 15, 2018

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ Austin R. Evers*
Austin R. Evers
D.C. Bar No. 1006999

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiff*